UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | MAG. NO. 22 MJ 191 (RMM) |
| : | |
| MELVIN GREEN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial under 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I. Procedural History

The defendant is charged by criminal complaint with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). On August 31, 2022, at the defendant's initial appearance, the government orally moved for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. *See id.*;

*United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). *See also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues. *See Smith*, 79 F.3d at 1210, *see also Williams*, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there are no conditions or combination of conditions that would assure the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

A. **Nature and Circumstances of the Offenses Charged**

The first factor for the Court's consideration—the nature and circumstances of the offense charged—favors detention. On August 19, 2022, around 4:40 PM, four officers with the Metropolitan Police Department (MPD) were patrolling in a marked cruiser the 2900 block of Knox Place SE, an area known as "Sector One," where at least 90 firearms have been recovered this calendar year. Officers observed approximately five individuals smoking marijuana. Two of the individuals (including the defendant) were known to officers as having previously possessed illegal firearms. As the officers approached the defendant, he pulled down his shorts in an apparent attempt to demonstrate that he did not possess a firearm. However, the defendant was

carrying a black plastic bag weighed down by a heavy item with straight lines consistent with a firearm. The defendant removed a digital scale from the bag before an officer asked about the remaining item in the bag. At this point, the defendant started walking and eventually sprinting away from officers. After a 60-second chase, he was detained about a block away.

Officers observed the defendant on the steps of 2317 Hartford Street SE still holding the black plastic bag. The defendant tried to hand the bag off to other individuals on the steps before discarding the bag in some nearby bushes, all in view of the officers. Officer Jeskie immediately recovered the bag from the bushes several feet away and felt an object consistent with a firearm. Further inspection revealed that the item was a fully functional black Sig Sauer P365 9mm handgun with a high-capacity magazine. At the time of recovery, the firearm had one round of ammunition in the chamber and 14 rounds in the 15-round magazine. MPD confirmed that the defendant is not licensed to carry a firearm in the District. As detailed below, a criminal history check revealed that, in addition to a prior firearm-related conviction, the defendant has two convictions for Attempted Robbery carrying terms of imprisonment of more than one year.

**B.     Weight of the Evidence against the Defendant**

The second factor for the Court's consideration, the weight of the evidence, weighs in favor of detention. The evidence against the defendant is very strong. From the moment police made contact with him, he acted like he had something to hide before he ultimately fled on foot. When the chase ended a short distance away, officers personally observed the defendant toss the bag holding an apparent firearm into the bushes, where it was immediately recovered several feet away from the defendant. As he was being placed in the police cruiser, the defendant yelled to one or more individuals on the steps, "Man, open the door for me bruh," likely voicing frustration that

3

other residents of the apartment complex did not help him escape law enforcement with contraband in hand.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weighs heavily in favor of detention. The defendant has the following prior adult convictions:

- Unlawful Possession of a Firearm (Prior Conviction), *felony* (Washington, D.C., 2018; 2018 CF2 007914)
- Attempted Robbery, *felony* (Washington, D.C., 2016; 2016 CF3 014661)
- Attempted Robbery, *felony* (Washington, D.C., 2016; 2016 CF3 014663)

In case number 2016 CF3 14663, the defendant approached a victim in the hallway of an apartment building, pointed a silver handgun at him, ordered him to the ground, and stole his wallet, cell phone, money, and other personal items.  In 2016 CF3 014661, the defendant took part in a botched robbery attempt where his co-defendant shot the victim in the calf.  In both robbery cases, the defendant's probation was revoked to incarceration after he violated his conditions of release.

Sadly, this is not the defendant's only exposure to the criminal justice system.  Time and time again, the defendant has been caught with firearms, even recently.  Specifically, he was arrested for firearm-related charges on August 1, 2022, March 7, 2022, and April 16, 2020.  Based on a review of the court docket, it appears that all of those cases were no papered.  While the government appreciates that intake decisions often involve complex evaluation of Fourth Amendment strictures, coupled with sufficient evidentiary review, the takeaway is nonetheless clear: he possessed firearms repeatedly in the past years, and appears to have learned nothing from his prior convictions or arrests.  Absent pretrial detention, he will continue to possess firearms.

In light of this criminal history, as well as the fact that the defendant was found at the time

4

of his arrest in this case in possession of suspected methamphetamines, including 4.39 grams of a white powdery substance and 7.79 grams of a white rock-like substance, together with the instant offense where the defendant again unlawfully possessed a loaded, high-capacity firearm, the government submits that the defendant should not be released. The government hereby puts the defendant on notice of its intent to investigate, and if necessary, supersede on additional charges related to the distribution levels of narcotics found in his possession when he was arrested, just *eleven* days after his last arrest.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, further weighs in favor of detention. As an initial matter, the defendant has served two terms of incarceration in the past five years for Attempted Robbery. In addition, a prior conviction for Unlawful Possession of a Firearm (Prior Conviction) has not deterred him from possessing a firearm. The fact that the defendant possessed the firearm along with drug paraphernalia suggests that he carries the gun to protect himself, his drugs, or his money, and would use the gun to hurt or kill someone in the community, should he deem it necessary. The violent crime statistics in the District remain unacceptably high as a result of the serious risk posed by firearms.

Indeed, courts have recognized the inherent dangerousness of carrying a concealed, loaded firearm on one's person. *See United States v. Gassaway*, 1:21-cr-00550 (RCL), ECF No. 9 (D.D.C. Sept. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *see United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great

potential to escalate into violence," particularly when defendant's prior convictions indicate a predilection for violence); *United States v. Riggins*, 456 F. Supp. 3d 138, 144 (D.D.C. 2020) ("[T]he possession of a firearm, especially while seemingly on a drug such as PCP, presents a serious danger to the community."); *United States v. Howard*, No. 20-mj-181 (BAH), 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community."). This latter case is particularly salient where, as here, the defendant, attempted to hand off his loaded firearm to bystanders to take the fall.

For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

By:    /s/ *Connor Mullin*
        Connor Mullin
        D.C. Bar No. 981715
        Assistant United States Attorney
        Federal Major Crimes Section
        United States Attorney's Office for D.C.
        601 D Street NW, Fifth Floor
        Washington, D.C. 20530
        E-mail: connor.mullin@usdoj.gov
        Telephone: (202) 252-7079

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel this 31st day of August 2022.

/s/
Connor Mullin
Assistant United States Attorney